UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 242 |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| RAPHAEL HAMMOND | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

(a) On June 4, 2024 an indictment was returned charging defendant RAPHAEL HAMMOND with unlawfully possessing a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1). The indictment sought forfeiture to the United States of any firearm and ammunition involved in and used in the charged offense including, but not limited to, a Ruger Model LCP, .380 caliber semiautomatic pistol, bearing serial number 380532448, and associated ammunition.

(b) On April 8, 2025, pursuant to Fed. R. Crim. P. 11, defendant RAPHAEL HAMMOND entered a voluntary plea of guilty to the indictment before the Court. Pursuant to the terms of his plea agreement and as a result of his violation of Title 18, United States Code, Section 922(g)(1), defendant RAPHAEL HAMMOND agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in the foregoing firearm and ammunition, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

(c) The United States requests that this Court enter a preliminary order of forfeiture against defendant RAPHAEL HAMMOND as to the foregoing firearm and associated ammunition, because the property was involved in and used in the offense of conviction charged in the indictment.

(d) Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant RAPHAEL HAMMOND as to a Ruger Model LCP, .380 caliber semiautomatic pistol, bearing serial number 380532448, and associated ammunition. Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest of the defendant in the foregoing property named in this order shall be forfeited to the United States for disposition according to law.

(e) Pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the terms and conditions of this preliminary order of forfeiture shall be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing - or at any time before sentencing if the defendant consents - the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States Code, Section 2461(c), third parties have thirty days from the publication of notice or receipt of notice, whichever

is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(f) Pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the foregoing property shall upon entry of this preliminary order of forfeiture be seized by the U.S. Department of Homeland Security Investigations/U.S. Customs and Border Protection.

(g) This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

LINDSAY C. JENKINS
United States District Judge

DATED: October 23, 2025